■ The People of the State of New York, Respondent, v Edward Jamison, Appellant. [717 NYS2d 183] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered January 27, 1999, convicting defendant, after a jury trial, of attempted grand larceny in the third degree, criminal mischief in the third degree and auto stripping in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, 2 to 4 years, and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility. The testimony of the owner of the vehicle as to its condition and the expert testimony of an appraiser properly established the value of the car (*see, People v Callendar*, 260 AD2d 315, *lv denied* 93 NY2d 1015).

The court was not required to order the eyewitness to testify at the *Wade* hearing (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833).

The court's *Sandoval* ruling, permitting inquiry into four named felonies but precluding inquiry into their underlying facts, defendant's prior bench warrants and his prior use of aliases, balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459). Each of defendant's convictions had a direct bearing on his credibility. None of the convictions were excessively stale or remote, particularly since defendant spent many of the intervening years in prison (*see, People v Joyner*, 270 AD2d 100, *lv denied* 94 NY2d 949).

The evidentiary rulings challenged by defendant on appeal were proper exercises of discretion. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.