Matter of Axsel L. (2006 NY Slip Op 51207(U))

[*1]

Matter of Axsel L.

2006 NY Slip Op 51207(U) [12 Misc 3d 1173(A)]

Decided on June 28, 2006

Family Court, Bronx County

Malave, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 28, 2006

Family Court, Bronx County
In the Matter of Axsel L. A Person Alleged to be a Juvenile Delinquent, Respondent.
XXXX/06

Nelida Malave, J.
R is charged with Grand Larceny in the Third Degree, (P.L. §155.35), Criminal Possession of Stolen Property in the Third Degree (P.L. §165.50), Grand Larceny in the Fourth Degree (P.L. §155.30(1)), Grand Larceny in the Fourth Degree (P.L. §155.30(8)), Criminal Possession of Stolen Property in the Fourth Degree (P.L. §165.45(5)), Criminal Possession of Stolen Property in the Fourth Degree (P.L.§ 165.45(1), Possession of a Stolen Vehicle (V.T.L. § 426), Criminal Mischief in the Third Degree (P.L. §145.05), Criminal Possession of Stolen Property int the Fifth Degree (P.L. §165.40), Criminal Mischief in the Fourth Degree (P.L. §145.00 (1)), Criminal Mischief in the Fourth Degree (P.L. §145.00(3)), Unauthorized use of Vehicle in the Third Degree (P.L. §165.05(1), Petit Larceny (P.L. §155.25).
FINDINGS OF FACT
 At the fact finding hearing the Presentment Agency ("P.A.") put forth two witnesses. Wendy Paredes, ("owner") the owner of a 1997 Blue Mercury van with four doors. On December 23, 2005, the owner last saw her vehicle at approximately 8:40 a.m. when she parked it on 175th street and Monroe Avenue in the County of the Bronx. Her car was in good condition and not smashed. The next time she saw her car was approximately at 4:30 p.m. and the car was in front of a school. The vehicle was smashed, it was dirty and it was on. (Tr. pg. 9). There was a hole where the keyhole would be on the door and where the key would be inserted into the ignition. (Tr. pg 10). She had not given permission or authority to anyone other than her husband to drive her car. The P.A. entered pictures of the owner's car into evidence. The owner testified that she paid $4400 for the car over a year ago. (Tr. Pg 15). The owner further testified that she paid $1500 to $1700 to pay for the damages to the car (Tr. pg. 16). On cross examination, the owner could not produce any receipt for the purchase of the car and no registration for the car. (Tr. pg. 17-18). The receipts for the repair of the damage of the car were not entered into evidence .(Tr. pg. 19).
 Anthony Carter ("witness"), who was a school aide security guard at J.H.S. 117 on [*2]December 23, 2005 also testified on behalf of the P.A. On this day he was outside of the school which is located at the corner of Mount Hope Avenue and Morris Avenue in the County of the Bronx. He saw a green minivan swerving side to side on a one-way street, and then it made a wide left turn on Mount Hope Avenue, crashed into a parked car and then into the gate. (6/13/06 Tr. pg. 6, ln 4-7). The witness testified that he knew the R. prior to December 23, 2005 because R. is a student at J.H.S. 117. In fact, he has "played around" with R. previously. (Tr. pg. 7, ln. 8-9). He alleges that he saw R. driving the vehicle as it swerved, when it crashed and then he saw the R. fall out of the drivers side of the vehicle and run toward Walton Avenue and Mount Hope (Tr. pg. 13-25). The witness also observed an individual named Dontaye and two other individuals exit the vehicle. He further observed the ignition to be ripped out and the front end of the car to be smashed. (Tr. pg. 8). There was also damage to the gate that the car crashed into. (Tr. pg. 9, ln. 9-12). On cross examination, the witness testified that he next saw the R. a couple of days after the incident when he returned to the school. (Tr. pg. 13).
 R. testified on his own behalf. R. testified that he was enrolled at school No.339 on December 23, 2005. Dontaye and approximately five other kids were inside of a minivan outside of his school and they told him to get in the car they were going to J.H.S. 117 which is R.'s regular school. (Tr. Pg. 16-17). Edgar was driving the car. Edgar and Dontaye started struggling as to who should be driving and then the car smashed. (Tr. pg. 17). R. did not know the car was stolen until he observed the ignition popped when the car was in front of 117. (Tr. Pg 17, ln. 24 - pg. 25, ln. 9). R. initially thought the car belonged to one of Edgar's brothers (Tr. pg. 18, ln. 11). On cross examination R. testified that the reason he did not see the ignition popped immediately was because as he entered the car and got in the passenger seat, Dontaye was also in the front passenger seat between R. and the driver (Tr. pg 21). R. testified that after the van crashed, he and Dontaye were the first to exit the van on the passenger side. (Tr. pg. 23, ln. 2-10). Edgar also exited the vehicle on the passenger side and the drivers side door never opened. (Tr. pg. 23, ln. 11-24).
CONCLUSIONS OF LAW
A person is guilty of Grand Larceny in the Third Degree when he steals property and when the value of the property exceeds three thousand dollars. (P.L. § 155. 35). A person is guilty of grand larceny in the Fourth Degree when he steals property and when (1) the value of the property exceeds one thousand dollars or (8) the property exceeds one hundred dollars and the property consists of a motor vehicle. (P.L. §§ 155.30(1) and (8). Criminal Possession of Stolen Property in the Third Degree exists when a person knowingly possesses stolen property with the intent to benefit himself or a person other than an owner thereof or to impede the recovery of by an owner thereof, and when the value of the property exceeds three thousand dollars. (P.L. § 165.50). A person is guilty of Criminal Possession of Stolen Property in the Fourth Degree when he knowingly possesses stolen property . . . and when the value of the property exceeds one thousand dollars. (P.L. § 165. 45). A person is guilty of Criminal Mischief in Third Degree when with the intent to damage property of another person and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person in an amount exceeding two hundred fifty dollars. (P.L. § 145.05). Criminal Mischief in the Fourth Degree occurs when a person recklessly damages property of another [*3]person in an amount exceeding two hundred fifty dollars. (P.L. 145.00(3)). The testimony of an expert appraiser in combination with the testimony concerning the car's condition will be sufficient evidence to prove the value of a car. People v. Medina, 18 AD3d 226 (1st Dept. 2005); People v. Jamison, 278 AD2d 100 (1st Dept. 2000); People v. Brown, 275. AD2d 668 (1st Dept. 2000).
 The presentment agency has not met it's burden as to counts one through six, count eight, and count eleven of the petition. Specifically, there has not been sufficient evidence as to the value of the vehicle or the value of the damages to the vehicle. While the owner testified as to the amount she paid for the vehicle and the witness did testify as to the condition of the car this is not sufficient without the testimony from an expert appraiser as to the reasonable value of the car on the day of the incident. Further, the receipts for the repair of the van in possession of the owner were not entered into evidence. As such, there is no proof that the damage to the car exceeded $250. Based on the foregoing, counts one through six, count eight and count eleven are dismissed.
 Criminal Possession of Stolen Property in the Fifth Degree occurs when a person knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to imped the recovery by and owner thereof. (P.L. § 165. 40). Criminal Mischief in the Fourth Degree occurs when a person, having no right to do so nor any reasonable ground to believe that he has such right, he (1) intentionally damages property of another person. (P.L. § 145.00). A person is guilty of Petit Larceny when he steals property. (P.L. § 155.25). V.T.L. § 426 states in pertinent part that a person who has in his possession a motor vehicle . . . which he knows or has reason to believe has been stolen . . shall be guilty of a class E felony. Unauthorized use of a vehicle occurs when knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent. (P.L. § 165.05). This is a rebuttable presumption. A R. may offer an innocent explanation as to why he was in the vehicle. Further, an observable indicia of theft is not a component of the presumption.
"Thus the [accused] may show, by creditable proof, that he innocently accepted an invitation to enter a vehicle which, unknown to him, had been previously taken wrongfully. In any event a heavy burden will have been placed on the prosecution to negative this rebuttal of the presumption, in order to sustain conviction based on proof beyond a reasonable doubt . . . an observable indicia of theft is not a component of the presumption and that the absence of damage or the presence of keys does not constitute an explanation for presence in a stolen vehicle. But the unexplained use or presence in a stolen vehicle has a "sinister significance" sufficient to justify the presumption that the unauthorized use is with knowledge . . observable indicia of theft is not a component of the presumption and that the absence of damage or the presence of keys does not constitute an explanation for presence in a stolen vehicle. 
In re Raquel M., 291 AD2d 155 (1st Dept. 2002). [where respondent was found in the rear middle seat of a vehicle that had been previously reported stolen and there was no popped ignition in the car] citing People v McCaleb, 25 NY2d 394 (1953) (emphasis included).
 There has been no credible testimony that the R. stole the vehicle or had knowledge that it [*4]was stolen at the time he entered the vehicle. This witness alleged that he saw the R. driving the vehicle. He further alleges that he saw the R. exit the vehicle from the driver's side of the van. However, the Court does not credit this testimony. The photos entered into the evidence by the P.A. contradicts the testimony of the witness. The photos show that the passenger door of the van in the vehicle is open at the time the picture was taken and the driver's side door is still closed. This is consistent with the testimony of the R. that all persons in the vehicle exited through the passenger side. The Court further credits the testimony of the R. that he did not observe the popped ignition until after the car crashed. As such, this Court can not reasonably infer that R. was driving the car or presume that he had knowledge that he did not have permission or authority to drive the car or to be a passenger in a stolen car. The P.A. agency did not sustain it's heavy burden of negating R.'s innocent explanation of his presence in the van. Thus, counts seven, nine, ten, twelve and thirteen of the petition are dismissed because the P.A. has not met it's burden of proof beyond a reasonable doubt as to each element of each of these counts of the petition.
CONCLUSION
 The P.A. has failed to establish each element of each charge in the petition. As such the
petition is dismissed.
This constitutes the decision of the court.
Dated: June 28, 2006 ENTER
 _______________________________
 Hon. Nelida Malave, J.F.C.